IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MEAGAN SPURGEON<br>25735 Lorain Rd, Unit 315<br>North Olmsted OH 44070<br><br>        Plaintiff,<br>vs.<br><br>BRYANT & STRATTON COLLEGE<br>12955 Snow Road<br>Parma, Ohio 44130<br><br>And<br><br>ERICA PRIOR<br>12955 Snow Road<br>Parma, Ohio 44130<br><br>And<br><br>SABRINA L. ALONSO<br>12955 Snow Road<br>Parma, Ohio 44130<br><br>        Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><u>**COMPLAINT**</u><br><br><u>**(JURY DEMAND ENDORSED HEREON**</u>) |

**NOW COMES** Plaintiff, Meagan Spurgeon (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and brings this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof alleges the following upon information and belief:

**INTRODUCTION**

1. This case seeks to protect and vindicate statutory and fundamental constitutional rights. Plaintiff brings a civil rights action under the First and Fourteenth Amendments to the United States Constitution, Ohio Constitution, 42 U.S.C. § 1983, and for other statutory and constitutional violations, challenging Defendants' actions, acts, policies, practices, customs, and

procedures, which deprived Plaintiff of her First Amendment rights, her right to Due Process, and her Fourteenth Amendment liberty right to privacy, self-autonomy and personal identity, including the right to reject government mandated medical treatment.

2. As discussed herein, Defendants unjustly, insidiously and arrogantly discriminated against Plaintiff because of her medical condition and related exemptions by mandating that she take the COVID-19 vaccine in order to participate in Defendants' clinicals program, finish her nursing program and ultimately obtain her nursing degree.

3. Specifically, Defendants' vaccine mandate sought to override Plaintiff's medical conditions and exemptions and discriminates against her on the basis of her medical conditions.

4. As set forth in this Complaint, the policies, acts, actions, practices, customs, and procedures of Defendant Bryant & Stratton College (hereinafter "Defendant Bryant & Stratton") were the cause of, and the moving force behind, the statutory and Constitutional violations in this case.

5. In short, Defendants' actions violate Plaintiff's Constitutional rights, 42 U.S.C. §2000a, *et. seq;* 42 U.S.C. §*12181 et seq.;* Title IX and the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA"), and the Ohio Constitution.

6. As a result, Plaintiff seeks:

    a. injunctive relief enjoining the unconstitutional application of Defendant Bryant & Stratton's policies, practices, customs and procedures as set forth in this Complaint, all with a temporary restraining order, preliminary injunction, and permanent injunction;

    b.    a declaration that Defendants violated Plaintiff's clearly established statutory and constitutional rights;

    c.    a declaration that the acts, actions, training, supervision, policies, practices, customs, and procedures of Defendants as set forth in this Complaint violate the Ohio Constitution;

    d.    a finding that Defendants' actions violate state and federal anti-discrimination laws;

    e.    an award of nominal damages;

    f.    an award of punitive damages; and

    g.    an award of Plaintiff's reasonable costs of litigation, including attorneys' fees and costs, pursuant to 42 U.S.C. §1988 and other applicable law.

## PLAINTIFF

7. Plaintiff is an adult individual residing in Cuyahoga County, Ohio, and attends Bryant & Stratton College in Cuyahoga County as a nursing student.

## DEFENDANTS

8. Defendant Bryant & Stratton College, Inc. is a non-profit college conducting business in Cuyahoga County, Ohio, and operating under the laws of the State of Ohio.

## VENUE

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) in that the Defendants reside in and conduct business in Cuyahoga County, Ohio, 28 U.S.C. § 1391(b)(2), and because Defendants are subject to personal jurisdiction in this Court with respect to this action, there being no other district in which the action may otherwise be brought.

## JURISDICTION

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## STATEMENT OF FACTS

11. At all times relevant, Defendants adopted an unwritten policy, practice, custom, and procedure requiring and forcing Plaintiff to take one of the COVID-19 vaccines by January 4, 2022, or be unable to complete her clinicals and lose her right to participate in Bryant & Stratton College's nursing program and her clinicals.

12. What makes this so insidious is the fact that all of Bryant & Stratton College's written materials, handbooks and codes allow for ***and honor exemptions*** to vaccines.

13. However, instead of adhering to its own written materials, handbooks and codes, Bryant & Stratton College not only prohibited Plaintiff from participating in her clinicals, but went so far as to prohibit her from obtaining her nursing degree by disallowing her from even enrolling in classes until she takes the COVID-19 vaccine—a vaccine that her medical conditions will not allow her to take, which has been documented and verified by a medical doctor.

14. While Plaintiff has finally been allowed to attend classes and clinicals, the delay cost her one year in her program and thousands of dollars in damages and fees.

15. In this regard, despite having the right to request an exemption to the "policy" on the basis of her medical conditions, Defendants refuse to allow it until only recently. (A copy of the college's Health and Safety Requirements is incorporated herein as **Exhibit A**; a copy of the Student Handbook for 2022 is incorporated herein as **Exhibit B**).

4

16. More specifically, since on or about December 8, 2021, Plaintiff has been requesting a medical exemption from Defendant Bryant & Stratton as to its self-imposed vaccine mandate relative to COVID-19.

17. In this regard, Plaintiff:

   a. Expressly articulated, substantiated and verified her medical conditions from a medical doctor from one of the hospitals allowing clinicals that prohibited her from taking vaccines; and

   b. Expressly revealed that her hospital employer-the same hospital where her clinicals were to be conducted--granted her an exemption to work with patients based on a verified medical exemption from her physician.

18. Plaintiff stated her medical conditions with existing exemptions to Defendants and explained to Defendants why these conditions prevented her from taking the COVID-19 vaccine.

19. Despite this, on January 7, 2022, Defendants denied the requested medical exemptions from/for Plaintiff stating, in part: "[t]he college is not accepting exemptions at this time." (*See,* **Exhibit C**).

20. After receiving said "denial," Plaintiff requested an explanation and was systematically and generically told that was the procedure adopted by the Bryant & Stratton College. However, nowhere is such a "policy" codified or to be found and nowhere is there an appeal process discussed or outlined for such a "denial." Instead, just the opposite was and is true. (*See* Exhibit A and Exhibit B).

21. As a result, Plaintiff hired counsel who sent Defendants correspondence demanding they allow Plaintiff to attend her clinicals. (A copy of said correspondence is attached hereto and incorporated herein as **Exhibit D**).

22. Despite this and all of her nauseating attempts to resolve and be allowed to attend her clinicals and finish her nursing degree, on March 22, 2022, Defendants informed Plaintiff that their decision was final there was nothing she could to about it.

23. When asked to put this in writing, Defendants arrogantly and flatly refused. (*See* **Exhibit E**).

24. In this regard, Plaintiff was falsely told by Defendants that the Cleveland Clinic and University Hospitals "would not allow Bryant & Stratton College to have unvaccinated students perform clinicals" which was proven false by Plaintiff's own evidence—her working at one of those institutions with patients already and receiving an exemption written by the other hospital system on behalf of Plaintiff.

25. Defendants, in taking their position, never adopted, authorized, mandated, and approved any written policies—largely because their own policies recognize exemptions—which would force Plaintiff to take a vaccine in direct opposition to, and in violation of, her personal identity, autonomy, and medical conditions, all in violation of its own policies, federal and state statutes, and constitutional provisions.

26. Defendants' acts, actions, "policies," practices, customs, and procedures encourage school officials, and others, to silence and disparage opinions, ideas, and viewpoints that disagree with its medical determination made without consulting with Plaintiff's doctors or accommodating Plaintiff's medical conditions.

27. Defendants' actions, acts, training, supervision, policies, practices, customs, and procedures chill the expression of valid medical conditions such as those experienced by Plaintiff.

28. Defendants' acts, actions, training, supervision, policies, practices, customs, and procedures demean and diminish the personal autonomy and dignity of Plaintiff and all students

who have differing viewpoints, medical conditions and who disagree with Bryant & Stratton College's policies and actions.

## COUNT I
## RIGHT TO PRIVACY, PERSONAL AUTONOMY, AND PERSONAL IDENTITY
### (Fourteenth Amendment, 42 U.S.C. § 1983)

29. Plaintiff hereby reincorporates by reference paragraphs 1 through 28 as if fully restated herein.

30. By reason of the aforementioned acts, policies, practices, customs and procedures created, adopted, and enforced under color of state law, Defendants deprived Plaintiff of her fundamental constitutional right to privacy, personal autonomy, and personal identity, all in violation of the Fourteenth Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

31. Defendants further deprived Plaintiff of her fundamental right to bodily integrity to make her own informed medical decisions with the assistance of her personal physicians.

32. By favoring and enforcing policies that approve of and force medical treatment over Plaintiff's right to privacy, personal identity and personal autonomy, Defendants violated and continue to violate Plaintiff's Fourteenth Amendment rights.

33. Defendants' conduct deprives Plaintiff of her personal choices central to individual dignity and autonomy, including intimate choices defining personal identity and beliefs by stigmatizing and labeling her medical issues as unworthy of protection by Defendants.

34. Defendants' policies, practices, customs, and procedures punish and impose discipline on Plaintiff for alleged violations of Defendants' new policies, simply for exercising her medical right to make her own medical decisions.

7

35. Defendants' actions injure Plaintiff by violating her constitutional rights through threat of constructive expulsion and sanction by Defendants for failure to comply with its policies.

36. As a direct and proximate result of Defendants' violation of the Fourteenth Amendment, Plaintiff has suffered, is suffering, and will continue to suffer, irreparable harm, including the loss of her fundamental constitutional rights, entitling her to declaratory and injunctive relief.

37. Additionally, Plaintiff is entitled to nominal damages and compensatory damages for the loss of her constitutional rights.

## COUNT II
## DISCRIMINATION IN PLACES OF PUBLIC ACCOMMODATION
## (42 U.S.C. § 2000a, *et. seq.*)

38. Plaintiff hereby reincorporates by reference paragraphs 1 through 37 as if fully restated herein.

39. Defendants operate their school as a place of public accommodation as defined in 42 U.S.C. § 2000a, *et. seq.* (hereinafter referred to as the "Act").

40. Defendants are involved in commerce as defined in the Act.

41. Defendants' implementation of its policies and procedures to mandate vaccinations for student nurses violates the Act and deprives Plaintiff of her civil rights by subjecting Plaintiff to conduct which has the purpose and effect of denying her the full benefit of the public accommodations and educational facilities at Defendants' school buildings and clinicals locations, and denies her full and equal access to the use and privileges of its public accommodations and educational facilities, on the basis of medical conditions.

42. Defendants' policies have the purpose or effect of substantially interfering with Plaintiff's right to access and utilize public accommodations and public services, including

education and clinicals participation, and creates an intimidating, hostile, or offensive public accommodation, public service, and educational environment for all the above-stated reasons.

43. As a direct and proximate result of Defendants' violations of the Act, Plaintiff has suffered, is suffering, and will continue to suffer, damages, including the following:

    a.    Loss of use of school facilities;

    b.    Fear about using the school facilities;

    c.    Embarrassment and humiliation;

    d.    Prohibiting Plaintiff from graduating on time; and

    e.    Severe emotional distress.

## COUNT III
## DISCRIMINATION DUE TO MEDICAL CONDITIONS
## (42 U.S.C. §§ 12181 *et seq.*)

44. Plaintiff hereby reincorporates by reference paragraphs 1 through 43 as if fully restated herein.

45. Defendants, through the actions discussed herein, and their position of mandating vaccinations for student nurses, have violated 42 U.S.C. §§ 12181 *et seq.* and deprived and are still depriving Plaintiff of her civil rights by subjecting Plaintiff to conduct which has the purpose and effect of denying her the full benefit of the public accommodations and educational facilities at Defendants' school buildings and clinicals locations, and denies her full and equal access to the use and privileges of its public accommodations and educational facilities, on the basis of medical conditions.

46. Defendants' policies have the purpose or effect of substantially interfering with Plaintiff's right to access and utilize public accommodations and public services, including

education and clinicals participation, and creates an intimidating, hostile, or offensive public accommodation, public service, and educational environment for all the above-stated reasons.

47. As a direct and proximate result of Defendants' violations of 42 U.S.C. §§ 12181 *et seq*, Plaintiff has suffered, is suffering, and will continue to suffer, damages, including the following:

    a.    Loss of use of school facilities;

    b.    Fear about using the school facilities;

    c.    Embarrassment and humiliation;

    d.    Prohibiting and/or delaying Plaintiff from graduating on time; and

    e.    Severe emotional distress.

## COUNT IV
## OHIO CONSTITUTIONAL VIOLATIONS

48. Plaintiff hereby reincorporates by reference paragraphs 1 through 47 as if fully restated herein.

49. By reason of the aforementioned acts, actions, policies, practices, customs and procedures created, adopted, and enforced under color of state law, Defendants deprived Plaintiff the right and liberty to timely pursue her college degree due to medical conditions for which she already has a recognized medical exemption and diminishes the civil and political rights, privileges and capacities of Plaintiff on account of her medical disabilities.

50. Defendants' "policies," actions, acts, practices, customs, and procedures punish and impose discipline on any student suffering from medical conditions in derogation of her state Constitutional rights as stated above.

51. Defendants' actions injure Plaintiff by chilling her Constitutionally protected activity through threat of discipline and sanction by Defendants for failure to comply with its new, non-promulgated "policies" and "rules."

52. Defendants' "policies," acts and actions have the purpose or effect of substantially interfering with the Plaintiff's right to access and utilize public accommodations and public services, including education and athletic participation, and creates an intimidating, hostile, or offensive public accommodation, public service, and educational environment for all the above-stated reasons.

53. For all the reasons stated herein, Defendants' vaccine mandate program violates Defendants' own policies by failing to provide exemptions to the vaccine requirement.

54. The loss and delay in participation in the nursing program on the basis of medical conditions violates Plaintiffs' rights under the Ohio Constitution, Bryant and Stratton's policy and various other state laws and protections.

55. As a direct and proximate result of Defendants' violation of the provisions specified herein, Plaintiff has suffered, is suffering, and will continue to suffer, irreparable harm, including the loss of her fundamental Constitutional rights, entitling her to declaratory and injunctive relief.

56. Additionally, Plaintiff is entitled to nominal damages, punitive damages and compensatory damages for the loss of her state Constitutional rights.

**WHEREFORE**, Plaintiff asks this Honorable Court to:

1. Declare that Defendants' vaccine mandate policy, which provides no medical accommodations, invalid and unconstitutional for all the reasons set forth in this Complaint;

2. Declare that Defendants acted unconstitutionally, outside their authority, and in an *ultra vires* manner as set forth in this Complaint;

3. Declare that Defendants violated Plaintiff's fundamental constitutional rights as set forth in this Complaint;

4. Declare that Defendants violated Plaintiff's statutory rights as set forth in this Complaint;

5. Declare that Defendants' policy violates Ohio's Constitution, Bryant & Stratton College's Policy and various other state laws and protections;

6. Issue an *ex-parte* temporary restraining order, preliminary and permanent injunction enjoining Defendants' new vaccine mandate policy for all the reasons as set forth in this Complaint;

7. Award Plaintiff in excess of $1,000,000.00 in compensatory damages;

8. Award Plaintiff her actual attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988, Title IX, and other applicable law; and

9. Grant such other and further relief as is just and appropriate.

Respectfully submitted,

*/s/Erik L. Walter*
ERIK L. WALTER (#0078988)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, OH 44077
(440) 352-3391 (440) 352-3469 Fax
Email: *ewalter@dworkenlaw.com*
Attorney for Plaintiff

12

## **JURY DEMAND**

A trial by the maximum number of jurors permitted by law is hereby demanded.

                                         */s/Erik L. Walter*
                                         ERIK L. WALTER (#0078988)
                                         DWORKEN & BERNSTEIN CO., L.P.A.
                                         Attorney for Plaintiff